Gabrielli, J.
Plaintiffs were enrolled[1] as Democrats in New York County. They moved to Westchester County in May, 1974 and desire to vote in the September 10, 1974 Democrat primary. The County Board of Elections informed plaintiffs that they could register for the general election in November, but that they could not be treated as enrolled Democrats so as to be eligible for the September primary. They made out enrollment cards which were placed in a box not to be opened until after the November elections.
Section 186 of the Election Law provides that a registered voter may enroll as a party member by depositing his card at least 30 days before the general election each year. He would then be able to vote in the next succeeding primary. The effect of this statute, held valid in Rosario v. Rockefeller (410 U. S. 752), is to mandate that people must enroll within 8 or 11 months in advance of a primary depending on whether it is to be held in June or September. Section 187 provides certain exceptions to this waiting period except that subdivision 6 reimposes the waiting period 'where a voter moves from one county into another. The short of it is that a voter who had not moved into a county 30 days before a general election cannot vote in a primary election occurring as much as 11 months after that date. Subdivision 8 of section 187 would allow voters who move within New York City, even though across county lines, to enroll without time delay at least 30 days prior to the primary election and voters who move within one of the several villages in the State straddling two counties would receive the same consideration were they to move from one county into another.
*186 Plaintiffs attacked subdivision 6 of section 187 as being unconstitutional in that it denied them equal protection under the United States Constitution. The Trial Justice agreed with plaintiffs and declared the provision invalid. A direct appeal was taken to this court under CPLB 5601 (subd. [b], par. [2]). "We are unable to concur in the view taken below.
As defined in Walters v. City of St. Louis (347 U. S. 231, 237), equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made. As stated in Matter of Dorn “ HH ” v. Lawrence “ II ” (31 N Y 2d 154, 158): “ It is fundamental, of course, that the Legislature may classify persons for purposes of legislation without infringement of the equal protection guarantee and that its discretion in this regard is broad and will not be disturbed if any state of facts can reasonably be conceived to sustain its classification (Matter of 436 W. 34th St. Corp. v. McGoldrick, 288 N. Y. 346, 350, mot. for rearg. den. 289 N. Y. 673; Shielcrawt v. Moffett, 49 N. Y. S. 2d 64, 76, affd. 268 App. Div. 352, revd. on other grounds 294 N. Y. 180, mot. for rearg. den. 294 N. Y. 840; New York R. T. Corp. v. City of New York, 303 U. S. 573) or even if the, classification be fairly debatable (Matter of Presnell v. Leslie, 3 N Y 2d, 384, 390, mot. for rearg. den. 4 N Y 2d 1046), provided only it shall not be palpably arbitrary (New York ex rel. Bryant v. Zimmerman, 276 U. S. 63).”
; The Legislature has seen fit to make these distinctions which separate voters such as plaintiffs moving from one political subdivision (county) to another, from voters moving within the same municipal unit which also happens to lie within another stratum of local government. The former may not enroll in a party in their new location without observing the time period prescribed in section 186 while the latter may enroll as provided in subdivision 1 of section 187. We would be second guessing the Legislature were we to rule that no rationale lies for this distinction. As observed by the Attorney-General, “ [s]ince counties, cities, and incorporated villages all have more or less unified party structures, a switch of enrollment can be accomplished without threat to the [1] integrity of the electoral process ’ * * However, a transfer of enrollment between two unrelated counties plainly involves separate administrative units *187 and may indeed pose difficulties.” There is, as pointed out in the concurring opinion, a demonstrable rational basis for the action taken by the Legislature. Conceding that limitations on the franchise must be justified by a compelling State interest, it does not follow that every regulatory device required to satisfy a compelling State interest must also be subject to the. same rigorous test. On the contrary, the regulatory device chosen need be satisfied only by a test of reasonableness so long as the overall limitation satisfies the compelling State interest. The Supreme Court has recognized that the State has a legitimate interest in requiring reasonable durational requirements for voting (Rosario v. Rockefeller, 410 U. S. 752, supra). That does not mean that the courts are entitled to tinker with every durational regulation utilized, so long as the choice of the mode and length of the durational requirement is reasonable, as indeed it is here.
Despite the dissent’s distinction of Rosario v. Rockefeller (supra) on the facts, i.e., that petitioners in that case could have enrolled in timely fashion under section 186, while here they cannot because of the restriction set up in subdivision 6 of section 187, the overriding theme of that case is that there is no denial of equal protection where the State imposes time delay restrictions on party enrollment in order to preserve the integrity of the various parties. New York’s delayed enrollment. scheme under section 186 was specifically upheld as tending to thwart the practice of “ raiding ” whereby voters in sympathy with one party designate themselves as voters of another party. so as to influence the results of the other party’s primary. Such practice could conceivably obtain with regard to intra-party raid-' ing as well, considering the tendency of parties often to split into factions. Rosario has specifically upheld our time limitations on enrollment and we fail to understand why the Legislature may not distinguish between voters moving from county to county from those moving within a county — or the City of New York even though the city, as a unique political subdivision, happens to encompass several counties. This is a legitimate distinction drawn to achieve demonstrably reasonable ends. It is important to note, for example, that for many purposes the City of New York is recognized as a unit, possessing as it does, a city-wide *188 Board of Elections encompassing the five counties within its boundaries.
We note that in Matter of Jordan v. Meisser (29 N Y 2d 661, app. dsmd. 405 U. S. 907) this court unanimously upheld the validity of subdivision 6 of section 187 over petitioner’s argument that he was denied equal protection. He had moved to Nassau County from Georgia and filed a valid designating petition. He was kept off the ballot, however, because subdivision 6 forced him to observe the time delay provisions of section 186. We see no factual distinction in the instant case warranting our departure from this very recent position taken on the same statute. Perhaps the scheme laid out in sections 186 and 187 should be re-examined and altered so that these distinctions are done away with, but this is a task for the Legislature (see Matter of O’Brien v. Skinner, 31 N Y 2d 317, 320, revd. 414 U. S. 524), for we should not remodel the law on a scale which, as we believe, would be beyond judicial power (see F. T. B. Realty Corp. v. Goodman, 300 N Y 140).
The judgment should be reversed and judgment granted in favor of appellants declaring sections 187 and 386 of the Election Law to be constitutional insofar as here applicable.

. In the record in the present action, plaintiffs have also included documentary proof of their former enrollment in the Democratic Party in New York County. It does not appear, however, that such proof was ever submitted to the Board of Elections of Westchester County. Thus, in a technical sense, plaintiffs never sought a transfer of their New York County Democratic enrollment nor did the Board of Elections ever refuse to make such a transfer. In any event, we predicate our determination on plaintiffs’ right to special enrollment under section 187. In that view, we do not reach the issue whether plaintiffs also have a right to transfer their enrollments from New York to Westchester County. Accordingly we express no views with respect to the application or constitutionality of section 386 of the Election Law.