In the Matter of the Claim of ERNEST PASSANTE, Appellant, v WALDEN PRINTING COMPANY et al., Respondents.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 1, 1976

*Michael Nardone (Richard Nardone* of counsel), for appellant.

*Herbert Lasky (Louis Busell* of counsel), for Walden Printing Company and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. Section 16 of the Workmen's Compensation Law grants death benefits to any surviving wife of a deceased male employee, but restricts the availability of such benefits only to those surviving husbands who demonstrate dependency upon deceased female employees. We are called upon to determine the constitutionality of this sex-based classification under the Equal Protection Clause of the Fourteenth Amendment. We conclude that the dependency requirement works a denial of equal protection in a number of respects and therefore must be invalidated.

The standards for review and applicable guidelines for determining the validity of differentiations based on sex have recently been expounded upon in two decisions of the United States Supreme Court, *Frontiero v Richardson* (411 US 677) and *Weinberger v Wiesenfeld* (420 US 636). In *Frontiero,* a woman Air Force officer sought increased allowances for

quarters and medical and dental benefits by claiming her husband as a dependent. Under the statutes there involved, a serviceman was automatically entitled to claim his wife as a dependent; a servicewoman could only claim her husband as a dependent upon a factual showing of dependency for more than one half of his support. Sharron Frontiero's husband did not qualify as a dependent under the statutory test. The majority of the court stated at the outset that "classifications based upon sex, like classifications based upon race, alienage, and national origin, are inherently suspect and must therefore be subjected to close judicial scrutiny" (411 US, at p 682). As our Court of Appeals has recently indicated, to survive such scrutiny more than merely a rational basis for the differentiation must be shown *(Alevy v Downstate Med. Center,* 39 NY2d 326). Applying the appropriate test to the statutes before it in *Frontiero,* the Supreme Court noted that they "operate so as to deny benefits to a female member * * * who provides less than one-half of her spouse's support, while at the same time granting such benefits to a male member who likewise provides less than one-half of his spouse's support. Thus * * * these statutes command 'dissimilar treatment for men and women who are * * * similarly situated.' *Reed v. Reed,* 404 U.S., at 77." *(Frontiero v Richardson, supra,* p 688.)

The statute presently before us likewise grants death benefits to all widows, but not to all widowers. The parallel means by which it thus commands dissimilar treatment for those who are similarly situated is obvious. Respondents would distinguish *Frontiero* on the ground that the justification advanced for the distinction in that case was an impermissible one, to wit, administrative convenience. We submit that respondent misapprehends the Supreme Court majority's rationale. The position of the Government in *Frontiero,* similar to that taken by respondents here, is that since women are frequently dependent for support upon their husbands, the statute did no more than grant to wives of servicemen a conclusive presumption of dependency so as to eliminate the necessity for hearings at which proof on the issue would be required. The court characterized this explanation of the statutory scheme as "to say the least, questionable" (411 US at p 690), but further noted that if put to an actual test of dependency, many wives would fail to qualify for benefits.

This latter finding is most relevant to the question at bar, for in urging that widows are entitled to a conclusive pre-

sumption of dependency for purposes of section 16, respondents suggest that it is justified by a policy of promoting the public good by protecting *workmen* and their dependents. This rationale not only admits of being discriminatory in purpose, it also fails to convince as soon as it appears that a substantial number of married women are employed or independently wealthy and are not in fact dependent upon their husbands for support (see 411 US at p 689, n 23).

Respondents point to *Kahn v Shevin* (416 US 351), where a tax exemption was granted to all widows but denied to all widowers, as supporting the proposition that a legislature may validly act on the presumption that surviving female spouses are more likely to be financially dependent than their male counterparts. This rationale is applicable in the present case, it is urged, because death benefits are a right granted to the survivor and not to the deceased employee. Aside from the fact that the *Kahn* court deferred to the greater leeway given States in making classifications for purposes of taxation (see 416 US, at p 355), we reject respondents' attempt at justification which ignores the reality that death benefits derive from employment itself rather than mere survivorship (how else explain, for example, the computation of death benefits on the basis of, *inter alia,* the deceased employee's earnings?) and also ignores the discriminatory effect upon the working woman.

Taking up the latter point, it is clear that the statute before us discriminates against the married woman whose employment contributes to the economic well-being of her family; whereas the working man, as a benefit of employment, is given the security of knowing that in the event of his work-related death, his widow, and therefore in most cases his family, will not suffer the loss of his entire income, the working woman is given no such guarantee. Such a differentiation can rest solely upon the "archaic and overbroad generalization" which has "little relationship to present reality" and cannot be tolerated under the Constitution, "that male workers' earnings are vital to the support of their families, while the earnings of female wage earners do not significantly contribute to their families' support" *(Weinberger v Wiesenfeld,* 420 US 636, 643, *supra).* "[S]uch a gender-based generalization cannot suffice to justify the denigration of the efforts of women who do work and whose earnings contribute significantly to their families' support" *(Id.,* at p 645).

Thus, the statute before us does not, as in *Kahn* merely grant a benefit which serves "to rectify the efforts of past discrimination against women" *(Frontiero v Richardson,* 411 US at p 689, n 22). Rather, it gives support to a philosophy which minimizes the importance of employment for women, thus using past discrimination as a justification for continuing to burden them as a class with economic disadvantages. The disadvantage is most apparent in the present case, where Mr. and Mrs. Passante each earned approximately $200 per week. Had Mr. Passante died in a compensable circumstance, his family, through his widow, would have received, in addition to benefits payable on behalf of minor children, at least $156 per month (Workmen's Compensation Law, § 16, subds 2, 5). But because Mrs. Passante was the unfortunate victim, the family's resources will be less by the afore-mentioned amount, simply because the statute arbitrarily classifies the husband as breadwinner and consequently categorizes the wife's work as unimportant.

It was just such a classification which prompted the Supreme Court in *Weinberger* to strike down those provisions of the Social Security Act (US Code, tit 42, § 402, subd [g]) which denied benefits to a surviving husband where they would have been available to a surviving wife, and it is clear from a reading of the court's opinion that the denial to the working woman of "the same protection [for her family] which a similarly situated male worker would have received" (420 US, at p 645) served as an independent basis for requiring those provisions to be invalidated. In view of the court's specific declaration of a constitutional prohibition against "gender-based differentiation premised upon assumptions as to dependency made in the statutes before us in *Frontiero"* (id., p 645), there remains no basis for sustaining the present statute on the ground urged by respondents that it does no more than create a presumption as to dependency. Section 16 of the Workmen's Compensation Law thus compels dissimilar treatment both for surviving husbands and working wives, respectively, vis-à-vis widows and working males. Such a sex-based differentiation cannot be sustained.

We therefore hold that the dependency requirement applicable to husbands under section 16 is unconstitutional. The Legislature is, we believe, free to require or not as it sees fit, that a surviving spouse demonstrate dependency as a condition of eligibility for death benefits (see Memorandum of Law

Rev Comm relating to the elimination of improper sex distinctions in granting workmen's compensation death benefits to surviving spouses, NY Legis Doc, 1976, No 65 (A-20), 1976 McKinney's Sess Laws A-146). Until further legislative action is taken, however, the Workmen's Compensation Board shall be required to award death benefits to surviving husbands on the same basis as they are presently awarded to widows.

The decision should be reversed, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to claimant against respondents filing briefs.

KOREMAN, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to claimant against respondents filing briefs.