■   In the Matter of the Claim of THOMAS OLIVA, Appellant, v ALBANY CYCLE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed May 6, 1977 and June 29, 1978, which denied claimant's application to reopen and reconsider a referee's decision of March 25, 1976, which had denied claimant's claim for death benefits. On June 5, 1975, claimant filed a claim under the Workers' Compensation Law for death benefits arising out of the death of his wife who was fatally injured in a fire at her place of employment. At a hearing held on March 25, 1976, the referee held that claimant had not established that he was dependent upon his wife at the time of her death as was then required (Workers' Compensation Law, § 16). The claim was denied and the case was closed. A timely appeal to the board was not taken (see Workers' Compensation Law, § 23). However, on August 16, 1976, claimant requested the board to reopen and reconsider the case in light of *Matter of Passante v Walden Print. Co.* (53 AD2d 8) where this court, in a decision handed down after the referee's decision herein, declared section 16 of the Workers' Compensation Law unconstitutional because it granted death benefits to surviving wives without requiring a showing of dependency, but required surviving husbands to demonstrate dependency upon deceased wives. The board, in finding that claimant failed to file a timely application and that the referee's decision stood as the law of the case, rejected claimant's application. It is settled that the board's denial of an application for reconsideration may not be disturbed unless the board's action was arbitrary and capricious or an abuse of discretion (see, e.g., *Matter of Aiello v Rissel Constr. Corp.,* 37 AD2d 884, mot for lv to app den 30 NY2d 484). *Passante (supra)* did not expressly require that it be given retroactive effect, and, therefore, it cannot be said that the board abused its discretion in rejecting claimant's application because of his failure to take a timely appeal. Decisions affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.