Jimmy Patterson DAVIS,
Plaintiff–Appellee,

v.

AETNA LIFE AND CASUALTY COMPANY, Defendant–Appellant.

Hobart M. SWAGGERTY,
Plaintiff–Appellee,

v.

AETNA LIFE AND CASUALTY COMPANY, Defendant–Appellant.

Supreme Court of Tennessee.

Aug. 18, 1980.

 

Rom M. Meares, Albert J. Tumpson, Maryville, for defendant–appellant.

H. Dennis Jarvis, Jr., Sevierville, for plaintiffs–appellees.

## OPINION

BROCK, Chief Justice.

These are actions for workmen's compensation benefits. The plaintiffs are surviving husbands whose wives were killed in the armed robbery of a bank in which they worked. The facts upon which the claims are based are undisputed and the only questions presented are (1) whether the plaintiffs, as widowers, are entitled to the same "conclusive presumption," of dependency upon their deceased spouses as widows enjoy when seeking benefits under the Workmen's Compensation Law for the deaths of their employee husbands and (2) whether the plaintiffs, as widowers, are restricted to 20% of the average weekly wage of the deceased wife, as provided by the Act for widowers, or to 50% of the average weekly wage of the deceased wife, as is allowed to widows in the case of the death of their husbands.

The trial court decided these issues in favor of the plaintiffs and awarded benefits accordingly, holding that those portions of the Workmen's Compensation Act here involved which are discriminatory against widowers are invalid gender based discriminations and cannot stand under the Fourteenth Amendment to the Constitution of the United States.

We affirm that decision.

At the time liability arose in these cases, T.C.A., § 50–1013, provided that a surviving widow of a deceased employee "shall be conclusively presumed to be wholly dependent . . . unless it be shown that she was voluntarily living apart from her husband at the time of his injury . . . ." The statute, however, failed to afford the benefit of such a presumption to a widower who survived his deceased employee wife,

and, in order for a widower to receive compensation it was necessary to prove that he was actually dependent upon his deceased wife. Moreover, the statute provided that in the event of the death of a husband the surviving widow should receive 50% of the average weekly wages of the deceased husband, but in the case of the death of the wife the statute afforded to the surviving dependent husband benefits of only 20% of the average weekly wage of the deceased wife. (Since these cases arose, the legislature enacted Chapter 365 of the Public Acts of 1979 which rewrote the provisions of the statute above mentioned and extinguished the unequal treatment of widows and widowers so that it is now provided that a widower is entitled to the benefit of the "conclusive presumption" of dependency, as is the widow, and he is also provided a benefit of 50% of the average weekly wage of the deceased wife, the same as the wife is entitled to receive in the event of the death of her husband.)

In this Court the appellant has made plausible arguments to the effect that a rational basis exists for the unequal treatment of male and female surviving spouses in our Workmen's Compensation Law. It is our view, however, that recent decisions, especially by the United States Supreme Court, compel the conclusion that the justification for the unequal treatment here attempted cannot be upheld. The most recent decision of which we are aware is *Wengler v. Druggist Mut. Ins. Co.*, 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980) in which the Supreme Court of the United States held that the Missouri Workmen's Compensation Act, which in the respects here material is indistinguishable from the Tennessee Act, was violative of the equal protection clause of the Fourteenth Amendment insofar as it attempted to deny to a male surviving spouse benefits for the death of his employee wife unless he was able to show dependency but afforded to a female surviving spouse benefits for the death of her husband without showing dependency. We quote from that Opinion:

"The only justification offered by the state court of appellees for not treating

males and females alike, whether viewed as wage earners or survivors of wage earners, it the assertion that most women are dependent on male wage earners and that it is more efficient to presume dependency in the case of women than to engage in case–to–case determination, whereas individualized inquiries in the postulated few cases in which men might be dependent are not prohibitively costly.

\* \* \* \* \* \*

"We think, then, that the claimed justification of administrative convenience fails, just as it has in our prior cases. In *Frontiero v. Richardson*, 411 U.S. 677, 689–690, 93 S.Ct. 1764, 1771–1772, 36 L.Ed.2d 583 (1973), the government claimed that, as an empirical matter, wives are so frequently dependent upon their husbands and husbands so rarely dependent upon their wives that it was cheaper to presume wives to be dependent upon their husbands while requiring proof of dependency in the case of the male. The Court found the claimed justification insufficient to save the discrimination. And in *Reed v. Reed*, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971), the Court said '[t]o give a mandatory preference to members of either sex over members of the other, merely to accomplish the elimination of hearings on the merits, is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause. . . .' See also *Califano v. Goldfarb, supra*, 430 U.S. [199] at 219–220, 97 S.Ct. [1021] at 1033 [51 L.Ed.2d 270] (opinion of STEVENS, J.). It may be that there are levels of administrative convenience that will justify discriminations that are subject to heightened scrutiny under the Equal Protection Clause, but the requisite showing has not been made here by the mere claim that it would be inconvenient to individualize determinations about widows as well as widowers." 446 U.S. at 151, 152, 100 S.Ct. at 1546, 1547.

To the same legal effect are the decisions in *Weinberger v. Wiesenfeld*, 420 U.S. 636,

95 S.Ct. 1225, 46 L.Ed.2d 514 (1975); *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); *ARP v. Workers' Compensation Appeal Bd.*, 19 Cal.3d 395, 563 P.2d 849, 138 Cal.Rptr. 293 (1977); *Passante v. Walden Printing Co.*, 53 A.D.2d 8, 385 N.Y.S.2d 178 (1976); *Tomarchio v. Township of Greenwich*, 75 N.J. 62, 379 A.2d 848 (1977).

 Since the reasons advanced by the appellant for justifying the unequal treatment in our own statute are identical to those which were held to be insufficient in *Wengler, supra*, we hold that the Tennessee statute in denying to male surviving spouses the benefit of the conclusive presumption which is afforded to female surviving spouses and the limitation of benefits to a male surviving spouse to 20% of the average weekly wage of the decedent while allowing the female surviving spouse to receive 50% of the average weekly wage of the decedent is in violation of the equal protection clause of the Fourteenth Amendment and invalid.

■ Moreover, we are satisfied that the trial court was correct in extending to male surviving spouses the benefit of the "conclusive presumption" which is afforded to female surviving spouses and in holding that the male surviving spouse is entitled to the same amount of benefits as the female surviving spouse under the statute. That was the result reached by the New York court in the *Passante* case, *supra*, and by the New Jersey court in *Tomarchio, supra*. The argument that the opposite result should be reached, that is, that the "conclusive presumption" should be denied to female surviving spouses as well as male surviving spouses and that the death benefit available to female surviving spouses should be reduced from 50% of the average weekly wage of deceased husband to 20% of his average weekly wage rather than raise the benefit due to a male surviving spouse from 20% of the average weekly wage to 50% of the average weekly wage of the deceased wife is in our opinion rather fanciful and totally out of keeping with the well settled legislative intent with respect to workmen's compensation benefits and is altogether inequitable and unnecessary as the means of curing the Constitutional defect found. Moreover, we are fortified in this conclusion by the fact that in the 1979 amendments to the Workmen's Compensation Law, Chapter 365 Public Acts of 1979, the legislature extended the "conclusive presumption" to widowers as well as widows and provided that the death benefits payable to both widows and widowers would be 50% of the average weekly wage of the deceased spouse.

We, therefore, affirm the judgment of the learned trial judge and assess costs incurred in this Court against the appellant. These causes are remanded to the trial court for enforcement of the decree.

FONES, COOPER and HARBISON, JJ., concur.