■ In the Matter of CITY OF PLATTSBURGH, Respondent, v TERRACE WEST, INC., Appellant, and STATE OF NEW YORK, Intervenor-Respondent. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered June 12, 1981 in Clinton County, which, in a proceeding pursuant to article 4 of the Eminent Domain Procedure Law, granted the application of petitioner for leave to file an acquisition map in the Clinton County Clerk's office, thereby vesting title to certain property in petitioner. At issue on this appeal is the proposed taking by petitioner City of Plattsburgh, New York, of a private driveway owned by respondent Terrace West, Inc. The pertinent underlying facts are set forth in our earlier decision in *Matter of Terrace West v City of Plattsburgh* (73 AD2d 763, app dsmd 49 NY2d 916). After Special Term granted petitioner leave to file an acquisition map and thereby acquire title to the subject parcel, respondent filed this appeal wherein it contends that New York's Eminent Domain Procedure Law is unconstitutional because it permits the taking of property without a jury trial even though such a trial is allegedly mandated by article I (§ 7, subd [c]) of the New York State Constitution. We hold that the challenged order should be affirmed. Even if we assume that this appeal is not precluded on the theory of collateral estoppel, a doubtful proposition in that we have previously held that the appropriation in question "is a constitutionally permissible taking for a public purpose" (*Matter of Terrace West v City of Plattsburgh, supra,* p 763), we must nonetheless conclude that respondent's arguments are without merit. The constitutional provision cited above upon which respondent relies is plainly inapplicable in this instance because it clearly relates to a private taking of property for the opening of a private road and not to the situation presented here wherein it has been judicially determined that petitioner is taking property for a public purpose. Moreover, the differences between public and private takings are obvious, and respondent has, therefore, not been denied the equal protection of the law merely because different procedures have been established with regard to public and private takings (cf. *Neale v Hayduk*, 35 NY2d 182, 186; *8200 Realty Corp. v Lindsay*, 27 NY2d 124, app dsmd 400 US 962). Order affirmed, with one bill of costs to respondents on appeal. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.