**Thomas M. PORTMAN, Surviving spouse of Janet Portman, Appellant (Plaintiff Below),**

v.

**STEVECO, INC., Appellee (Defendant Below).**

No. 2–383A93.

Court of Appeals of Indiana, Third District.

Sept. 7, 1983.

Rehearing Denied Oct. 17, 1983.

Tony H. Abbott, Foley, Cutter & Abbott, Indianapolis, for appellant.

Peter G. Tamulonis, Frank I. Magers, Kitlinger, Young, Gray & DeTrude, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Thomas M. Portman, the surviving spouse of Janet L. Portman, applied for maximum death benefits, pursuant to the Workmen's Compensation Act, following the death of Janet which occurred by reason of an accident arising out of and in the course of her employment. His claim was denied and the Industrial Board of Indiana found that he did not qualify for benefits pursuant to Ind.Code § 22-3-3-19 (1982 Burns Supp.). On appeal, Portman challenges the constitutionality of Ind.Code § 22-3-3-19 and claims that the statute constitutes a denial of equal protection in violation of Art. I, § 23 of the Indiana Constitution and the Fourteenth Amendment to the Constitution of the United States.

Ind.Code § 22-3-3-19 provides:

"Presumptive dependency.—The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in section 18 [22-3-3-18] of this chapter:

(a) A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. The term 'wife' as used in this subsection shall exclude a common-law wife unless such common law relationship was entered into before January 1, 1958, and in addition thereto, shall have existed openly and notoriously for a period of not less than five [5] years immediately preceding the death.

(b) A husband who is both physically and financially incapable of self-support, upon his wife with whom he is living at the time of her death. The term 'husband' as used in this subsection shall exclude a common-law husband unless such common law relationship was entered into before January 1, 1958, and in addition thereto, shall have existed openly and notoriously for a period of not less than five [5] years immediately preceding the death."

The statute clearly establishes a different standard to be met for surviving husbands to qualify as presumptive dependents than that for surviving wives. A surviving husband must prove that he is both physically and financially incapable of self-support, whereas no such factors enter into a determination of the dependency of a surviving wife. The statute creates two gender-based classes of individuals and by placing a higher burden of proof on surviving husbands, it discriminates against any female employee and her surviving husband.

While this is a case of first impression in Indiana and with relation to the Indiana Constitution, the issue has appeared before the United States Supreme Court. In *Wengler v. Druggists Mutual Ins. Co.,* (1980) 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 the Supreme Court reviewed a provision of the Missouri Workers' Compensation Law which was very similar to the Indiana statute in question, and found that it violated the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

The Missouri provision read, in pertinent part:

"The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee and any death benefit shall be payable to them to the exclusion of other total dependents:

(a) A wife upon a husband legally liable for her support, and a husband mentally or physically incapacitated from wage earning upon a wife . . . ."

Missouri Rev.Stat. § 287.240(4) (Supp. 1979). Regarding this statute, the Supreme Court said:

"The Missouri law indisputably mandates gender-based discrimination. Although the Missouri Supreme Court was of the view that the law favored, rather than disfavored, women, it is apparent that the statute discriminates against both men and women. The provision discriminates against a woman covered by the Missouri workers' compensation system since, in the case of her death, benefits are pay-

able to her spouse only if he is mentally or physically incapacitated or was to some extent dependent upon her. . . . The benefits, therefore, that the working woman can expect to be paid to her spouse in the case of her work-related death are less than those payable to the spouse of the deceased male wage earner. "It is this kind of discrimination against working women that our cases have identified and in the circumstances found unjustified.

\* \* \* \* \* \*

"The Missouri law, as the Missouri courts recognized, also discriminates against men who survive their employed wives' dying in work-related accidents. To receive benefits, the surviving male spouse must prove his incapacity or dependency. The widow of a deceased wage earner, in contrast, is presumed dependent and is guaranteed a weekly benefit for life or until remarriage. It was this discrimination against the male survivor as compared with a similarly situated female that Mr. Justice Stevens identified in *California v. Goldfarb, supra,* as resulting in a denial of equal protection. 430 U.S. [199], at 217–224 [97 S.Ct. 1021, at 1035, 51 L.Ed.2d 270] (opinion of Stevens, J.).

\* \* \* \* \* \*

"However the discrimination is described in this case, our precedents require that gender-based discriminations must serve important governmental objectives and that the discriminatory means employed must be substantially related to the achievement of those objectives.

\* \* \* \* \* \*

"Providing for needy spouses is surely an important governmental objective, *Orr v. Orr, supra,* [440 U.S. 268], at 280 [99 S.Ct. 1102 at 1112, 59 L.Ed.2d 306], and the Missouri statute effects that goal by paying benefits to all surviving female spouses and to all surviving male spouses who prove their dependency. But the question remains whether the discriminatory means employed—discrimination against women wage earners and surviving male spouses—itself substantially serves the statutory end. Surely the needs of surviving widows and widowers would be completely served either by paying benefits to all members of both classes or by paying benefits only to those members of either class who can demonstrate their need. Why, then, employ the discriminatory means of paying all surviving widows without requiring proof of dependency, but paying only those widowers who make the required demonstration? The only justification offered by the state court or appellees for not treating males and females alike, whether viewed as wage earners or survivors of wage earners, is the assertion that most women are dependent on male wage earners and that it is more efficient to presume dependency in the case of women than to engage in case-to-case determination, whereas individualized inquiries in the postulated few cases in which men might be dependent are not prohibitively costly.

"The burden, however, is on those defending the discrimination to make out the claimed justification, and this burden is not carried simply by noting that in 1925 the state legislature thought widows to be more in need of prompt help than men or that today 'the substantive difference in the economic standing of working men and women justifies the advantage' given to widows. [*Wengler v. Druggists Mutual Ins. Co.,* Mo.] 583 S.W.2d [162] at 168. It may be that there is empirical support for the proposition that men are more likely to be the principal supporters of their spouses and families, *Weinberger v. Wiesenfeld,* 420 U.S. [636], at 645 [95 S.Ct. 1225 at 1231, 43 L.Ed.2d 514], but the bare assertion of this argument falls far short of justifying gender-based discrimination on the grounds of administrative convenience. Yet neither the court below nor appellees in this Court essay any persuasive demonstration as to what the economic consequences to the State or to the beneficiaries might be if, in one way or another, men and women, whether as wage earners or survivors, were treated equally under the workers' com-

pensation law, thus eliminating the double-edged discrimination described in Part II of this opinion.

"We think, then, that the claimed justification of administrative convenience fails, just as it has in our prior cases.

\* \* \* \* \* \*

"Thus we conclude that the Supreme Court of Missouri erred in upholding the constitutional validity of § 287.240. We are left with the question whether the defect should be cured by extending the presumption of dependence to widowers or by eliminating it for widows. Because state legislation is at issue, and because a remedial outcome consonant with the state legislature's overall purpose is preferable, we believe that state judges are better positioned to choose an appropriate method of remedying the constitutional violation." (Footnote omitted.)

446 U.S. at 147–153, 100 S.Ct. at 1543–1546.

Like the United States Supreme Court in *Wengler* we also believe Ind.Code § 22–3–3–19 discriminates against a male survivor as compared with a similarly situated female without justification, thus violating the Fourteenth Amendment to the Constitution of the United States. In addition, we find that Ind.Code § 22–3–3–19 violates Art. I, § 23 of the Indiana Constitution.

This leads to the difficult question of whether to eliminate the preference afforded to widows or to extend the preference to widowers. While this is a question of first impression in this Court, at least nine other jurisdictions have confronted the same issue. Of those jurisdictions, six states, Missouri, Tennessee, New Jersey, New York, Arkansas, and Pennsylvania, extended the presumption of dependency to widowers.[1] The other three states, California, Georgia,

and Michigan, chose to require both widows and widowers to prove dependency.[2]

In addition to the fact that it appears to be the majority position, we are persuaded to extend the presumption of dependency to widowers for other reasons.

The separation of powers provision of the Indiana Constitution forces the judiciary to tread lightly in the area of legislation. The courts cannot venture upon the dangerous path of judicial legislation by writing words into or adding something to a statute that the Legislature has omitted in an attempt to correct a constitutional imbalance. *State ex rel. v. Graham, Trustee,* (1953) 231 Ind. 680, 110 N.E.2d 855; *Rogers v. Calumet National Bank,* (1938) 213 Ind. 576, 12 N.E.2d 261; *McCormick Piano & Organ Co., Inc. v. Geiger,* (1980) Ind.App., 412 N.E.2d 842. Therefore, we can only strike the invalid portions of the statute.

Then we are left with the question of whether to strike the entire provision or merely that portion which imposes the additional burden upon surviving husbands. It has previously been held that the subsection of the Workmen's Compensation Act which specifies the class of dependents for purposes of the act, like all other provisions of the act, must be construed liberally in order to accomplish its beneficent purposes. *Goins v. Lott,* (1982) Ind.App., 435 N.E.2d 1002.

Clearly, the Legislature intended to allow presumptive dependency for widows and in some cases for widowers. It seems far wiser and more closely in tune with the legislative intent behind the statute to bring the remainder of the widowers under the umbrella of the provision rather than to eliminate presumptive dependency for the widows and widowers who were already cover-

---

1. *Wengler v. Druggists Mut. Ins. Co.,* (1980), Mo., 601 S.W.2d 8; *Davis v. Aetna Life & Cas. Co.,* (1980), Tenn., 603 S.W.2d 718; *Tomarchio v. Township of Greenwich,* (1977) 75 N.J. 62, 379 A.2d 848; *Passante v. Walden Printing Co.,* (1976) 53 A.D.2d 8, 385 N.W.2d 178; *Swafford v. Tyson Foods, Inc.,* (1981) 2 Ark.App. 343, 621 S.W.2d 862; *Oknefski v. Workmen's*

*Comp. Appeal Bd.,* (1981) 63 Pa.Cmwlth. 450, 439 A.2d 846.

2. *Arp v. Workers' Compensation Appeal Bd.,* (1977) 19 Cal.3d 395, 138 Cal.Rptr. 293, 563 P.2d 849; *Insurance Co. of North America v. Russell,* (1980) 246 Ga. 269, 271 S.E.2d 178; *Day v. W.A. Foote Mem. Hospital, Inc.,* (1982) 412 Mich. 698, 316 N.W.2d 712.

ed by the provision. Therefore, Ind.Code § 22–3–3–19(b) now reads:

"Presumptive dependency.—The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in section 18 [22–3–3–18] of this chapter:

\* \* \* \* \* \*

(b) A husband ~~who is both physically and financially incapable of self-support~~, upon his wife with whom he is living at the time of her death. . . ."

Having found the presumptive dependency provision of Ind.Code § 22–3–3–19 unconstitutional and invalid as it currently reads and thereafter striking the invalid portion of that statute, Thomas Portman now qualifies as being a dependent and is entitled to the benefits arising therefrom. Therefore, the decision of the Industrial Board is reversed and this cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

GARRARD and STATON, JJ., concur.