DAY v W A FOOTE MEMORIAL HOSPITAL

Docket No. 61821. Argued January 9, 1980 (Calendar No. 8).—Decided
March 2, 1982.

Eva M. Day was killed in an automobile accident in the course of
her employment by W. A. Foote Memorial Hospital, Inc. Fred
E. Day, the decedent's husband, sought workers' compensation
death benefits from her employer and its insurer, St. Paul
Mercury Insurance Company. An administrative law judge
denied benefits on the ground that the plaintiff was not a
dependent within the meaning of the act, and the Workers'
Compensation Appeal Board affirmed. The Court of Appeals,
R. B. Burns, P.J., and D. F. Walsh and Clements, JJ., held that
the plaintiff lacked standing to challenge the constitutionality
of the provision of the act which conclusively presumes the
dependency of a wife but not of a husband (Docket No. 77-
4647). The plaintiff appeals.

In a unanimous opinion by Justice Levin, the Supreme Court
*held:*

1. The plaintiff's claim for death benefits was properly de-
nied. Under the provision of the act, the plaintiff was required
to show his dependency upon his wife; he was not conclusively
presumed to be dependent. The plaintiff stipulated that he was
not dependent in fact upon his deceased wife.

2. After oral argument in this case, the Supreme Court of the
United States held that a provision of the Missouri workers'
compensation act establishing the conclusive presumption that
widows, but not widowers, were wholly dependent upon their
deceased spouses for financial support, constituted a gender-
based classification violative of the provisions of the Equal
Protection Clause. That decision is binding on the Supreme
Court of Michigan pursuant to the Supremacy Clause of the
United States Constitution. There is no significant difference
between the pertinent language of the Missouri statute and the

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 81 Am Jur 2d, Workmen's Compensation § 17.
  82 Am Jur 2d, Workmen's Compensation § 520.
[4] 7 Am Jur 2d, Automobile Insurance § 34.

conclusive presumption of dependency of widows in the Michigan Worker's Disability Compensation Act. Thus, on the authority of the United States Supreme Court decision in the Missouri case, Michigan's conclusive presumption provision is violative of the Equal Protection Clause.

3. The Supreme Court of the United States expressly declined to fashion a remedy in the Missouri case, leaving the state courts to seek a remedy consonant with the state Legislature's overall purpose. The legislative history of Michigan's act shows a deliberate decision to deny a conclusive presumption of dependency to widowers, and to limit it to widows. Invalidation of the presumption of dependency would be more consonant with the legislative purpose than would extension of the presumption to widowers. Invalidation of the presumption will not unduly burden most dependent widows, who may prove dependency in fact, while the financial burden on the system of providing workers' compensation by extending the presumption to widowers well might exceed the costs of adjudicating the dependency of both widows and widowers. Accordingly, all surviving spouses will be required to prove dependency in fact to recover death benefits.

4. The no-fault automobile insurance act, while it speaks in terms of conclusive dependency, operates to compensate only for the actual loss of the dependents of a deceased person without distinction between widows and widowers. It does not indicate a current legislative preference, nor does it provide a basis for extending the conclusive presumption of dependency of widows under the workers' compensation act to widowers. The focus of the no-fault act is on compensation for actual survivor's loss, while the focus of the workers' compensation act is on dependency.

5. The Court declines to preserve the status quo of the conclusive presumption provision of the workers' compensation act until the Legislature addresses the question. The remedy fashioned by the Court cures the constitutional defect of the provision with no damage to the statutory scheme. Since the decision of the Supreme Court of the United States in the Missouri case, the Legislature has twice extensively revised the Worker's Disability Compensation Act without addressing the question.

The decision of the WCAB is affirmed.

1. CONSTITUTIONAL LAW — WORKERS' COMPENSATION — DEPENDENCY — PRESUMPTIONS — EQUAL PROTECTION.

The decision of the Supreme Court of the United States that the

conclusive presumption of the Missouri workers' compensation act that widows, but not widowers, were wholly dependent upon their deceased spouses for financial support constitutes gender-based discrimination against female wage earners and surviving male spouses, violative of the provisions of the Equal Protection Clause, is binding on the Supreme Court of Michigan pursuant to the Supremacy Clause of the United States Constitution (US Const, art VI, § 2, Am XIV).

2. WORKERS' COMPENSATION — DEPENDENCY — PRESUMPTIONS — EQUAL PROTECTION.

The conclusive presumption of the Worker's Disability Compensation Act that a widow was dependent upon her husband for financial support, but the determination of all other questions of dependency in accordance with the fact of dependency at the time of a compensable injury, constitutes a gender-based classification, violative of the Equal Protection Clause (US Const, Am XIV; MCL 418.331; MSA 17.237[331]).

3. WORKERS' COMPENSATION — DEPENDENCY — PRESUMPTIONS — EQUAL PROTECTION.

The legislative history of the Worker's Disability Compensation Act indicates an intent by the Legislature to deny a conclusive presumption of dependency to widowers and to limit the presumption to widows; therefore, because the presumption is violative of the Equal Protection Clause as a gender-based classification, and because an invalidation of the presumption would be more consonant with the legislative scheme for providing compensation than extension of the presumption to widowers, all surviving spouses must prove their degree of dependency in fact to receive workers' compensation benefits (US Const, Am XIV; MCL 418.331; MSA 17.237[331]).

4. WORKERS' COMPENSATION — DEPENDENCY — PRESUMPTIONS — NO-FAULT ACT.

That the no-fault automobile insurance act permits recovery of benefits for survivor's loss by the dependents in fact of a deceased person without distinction between widows and widowers does not provide a basis for extending the conclusive presumption of dependency of the Worker's Disability Compensation Act to both spouses because the no-fault act requires proof of actual loss, and workers' compensation benefits are paid to widows without proof of previous dependency (MCL 418.331, 500.3108; MSA 17.237[331], 24.13108).

*Rosenburg, Stanton, Bullen & Nelson, P.C.* (by *Terry J. Klaasen),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *John W. Raven)* for defendants.

LEVIN, J. We granted leave to appeal to consider whether the conclusive presumption of a widow's dependency on her husband for financial support set forth in the Worker's Disability Compensation Act is an unconstitutional gender-based discrimination because there is no similar presumption for widowers.

After oral argument in this Court, the United States Supreme Court decided *Wengler v Druggists Mutual Ins Co,* 446 US 142; 100 S Ct 1540; 64 L Ed 2d 107 (1980), which held that language of Missouri's workers' compensation law providing for a similar conclusive presumption of dependency of widows was an unconstitutional gender-based discrimination. The Court, however, expressly declined to decide whether the remedy should be to extend the conclusive presumption of dependency to widowers or to eliminate it altogether. The Court left that question to the state courts, saying that they should seek a remedy consonant with the overall legislative purpose.

We are persuaded that invalidation of the conclusive presumption of a widow's dependency would be more consonant with the legislative scheme for providing compensation than would extension of the presumption to widowers as well as widows. Accordingly, all surviving spouses are required to prove their dependency in fact.

## I

The act provides that a wife is "conclusively

presumed to be wholly dependent for support upon a deceased" husband. In all other cases, questions of dependency "shall be determined in accordance with the fact".[1]

In *Wengler,* the United States Supreme Court considered language of the Missouri workers' compensation act providing that a wife "shall be conclusively presumed to be totally dependent for support upon a deceased" husband.[2] There is thus no significant difference between the pertinent language of the Michigan and Missouri statutes.

In holding that Missouri's conclusive presumption unconstitutionally discriminated against "women wage earners and surviving male spouses", the United States Supreme Court said:

"Providing for needy spouses is surely an important governmental objective * * *. But the question remains whether the discriminatory means employed—discrimination against women wage earners and surviving male spouses—itself substantially serves the statutory end. Surely the needs of surviving widows and widowers would be completely served either by paying benefits to all members of both classes or by paying benefits only to those members of either class who can demonstrate their need." *Wengler, supra,* 446 US 151.

[1] "(1) The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death a hearing referee shall find the wife was living apart for justifiable cause or because he had deserted her.

"(b) * * * In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." MCL 418.331; MSA 17.237(331).

[2] Mo Rev Stat § 287.240 (Supp 1979); see *Wengler v Druggists Mutual Ins Co,* 446 US 142, 144, fn 1; 100 S Ct 1540; 64 L Ed 2d 107 (1980).

Missouri sought to justify the presumption as an administrative convenience, arguing that more wives than husbands are dependent on their spouses. The Court found the asserted justification inadequate to satisfy "heightened scrutiny under the Equal Protection Clause".[3]

The United States Supreme Court's assessment of this gender-based discrimination is binding on this Court under the Supremacy Clause. On the authority of *Wengler,* we hold violative of the Fourteenth Amendment the conclusive presumption of dependency for widows set forth in the Worker's Disability Compensation Act.

## II

The question, then, is the appropriate remedy for this unconstitutional gender-based presumption: invalidation, extension to widowers, or preservation of the statute for a short period of time to enable the Legislature to forge its own solution. In *Wengler,* the Court did not order a particular solution, but left the appropriate remedy to the state courts, who, the Court said, would seek the outcome most amenable to the state Legislature's overall purpose.[4]

We are persuaded that invalidation of the presumption of dependency would be more consonant

---

[3] *Id.,* 152.

[4] "We are left with the question whether the defect should be cured by extending the presumption of dependence to widowers or by eliminating it for widows. Because state legislation is at issue, and because a remedial outcome consonant with the state legislature's overall purpose is preferable, we believe that state judges are better positioned to choose an appropriate method of remedying the constitutional violation. Accordingly, we reverse the decision of the Supreme Court of Missouri and remand the case to that court for further proceedings not inconsistent with this opinion." *Wengler, supra,* 446 US 152-153.

with the legislative purpose than extending the presumption to widowers. The legislative history of the conclusive presumption for widows reveals a deliberate legislative decision not to extend the presumption to widowers. Invalidation of the presumption will not unduly burden most dependent widows. Nor does the 1972 enactment of the no-fault automobile liability insurance act indicate a legislative preference for extension of such a conclusive presumption to widowers, as Day contends.

A

Insurance rates and compensation benefits have been computed based upon the validity of the conclusive presumption permitting all widows to recover without proof of dependency and allowing widowers to recover only if dependent in fact. Since 1927, no workers' compensation has been payable to surviving husbands of working women whose earnings were used only for their own support.[5] Working women providing some support left their husbands with a right to some compensation. Extension of the conclusive presumption of dependency to widowers would result in a large class of beneficiaries not heretofore entitled to compensation.

The legislative history of the Worker's Disability Compensation Act indicates that the absence of a conclusive presumption of dependency for widowers is the result of an affirmative legislative decision to deny such a presumption to widowers and to limit the presumption to widows.

[5] See 1927 PA 376.

If there are children under 16 (who are conclusively presumed to be dependent), the husband would receive the award for the use and benefit of the children. MCL 418.331(1)(b); MSA 17.237(331)(1)(b).

Widowers were at one time accorded a conclusive presumption of dependency. The first workers' compensation act, enacted in 1912, provided that both a wife and a husband were conclusively presumed to be wholly dependent for support upon the spouse.[6] The 1919 act continued this conclusive presumption of dependency of each spouse upon the other.[7]

In 1927, the Legislature carried forward the language of the 1919 act providing a conclusive presumption of dependency for widows, but did not carry forward the presumption for widowers.[8] The Legislature thus determined that the conclusive presumption of dependency should not be accorded to surviving husbands.

The California Supreme Court reviewed a simi-

---

[6] "Sec. 6. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death;

"(b) A husband upon a wife with whom he lives at the time of her death". 1912 (1st Ex Sess) PA 10.

[7] "The following persons shall be conclusively presumed to be wholly dependent for support upon the deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the Industrial Accident Board shall find the wife was living apart for justifiable cause or because he had deserted her;

"(b) A husband upon a wife with whom he lives at the time of her death". 1919 PA 64.

[8] "Sec. 6. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the department of labor and industry shall find the wife was living apart for justifiable cause or because he had deserted her;

"(b) * * * In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." 1927 PA 376.

lar legislative history and found it controlling.[9] We view this history as significant but not conclusive. To the extent it reflects a greater solicitude for widows than widowers, the history is ambivalent. If the Legislature were given only two options—a presumption for all spouses or a presumption for none—it might have chosen to extend the presumption to all.

But the presumption of dependency may have also been a matter of administrative convenience. When first enacted, the conclusive presumption that each spouse was dependent upon the other may have reflected the Legislature's perception of existing fact. Most widows of working men probably were dependent on their husbands, and few widowers of working women were wealthy men. The decision not to carry forward the presumption

[9] *Arp v Workers' Compensation Appeal Board,* 19 Cal 3d 395; 138 Cal Rptr 293; 563 P2d 849 (1977).

Two other state courts, finding before *Wengler* that their states' gender-based presumptions were unconstitutional, extended the presumption of dependency to widowers. *Tomarchio v Greenwich Twp,* 75 NJ 62; 379 A2d 848 (1977); *Passante v Walden Printing Co,* 53 AD2d 8; 385 NYS2d 178 (1976). After *Wengler,* the Missouri Legislature extended the presumption of dependency to widowers before the Missouri Supreme Court could consider the question. *Wengler v Druggists Mutual Ins Co,* 601 SW2d 8 (Mo, 1980).

The Georgia Supreme Court refused to extend the presumption to widowers after *Wengler,* but did facilitate proof of dependency. Under the Georgia statute, a widow was conclusively presumed dependent, but a widower had to prove (1) dependency in fact, (2) that he lived with the deceased wife, and (3) that he was incapable of self-support. The Georgia court held that the Legislature would not have accorded widowers a conclusive presumption of dependency. The court then went on to hold that, because the Legislature would not have imposed on widows the burden of proving that they lived with their husbands, and that they were incapable of self-support, neither sex would have to prove these additional facts. *Ins Co of North America v Russell,* 246 Ga 269; 271 SE2d 178 (1980).

The Tennessee Legislature extended the presumption of dependency to widowers before *Wengler,* and the Tennessee Supreme Court applied this expression of legislative intent to accidents occurring before the statute was amended. *Davis v Aetna Life & Casualty Co,* 603 SW2d 718 (Tenn, 1980).

for surviving husbands may have reflected an expanding female work force and the judgment that many women who worked did not contribute to their husbands' support.[10]

To the extent that the presumption of dependency is an administrative convenience, the Legislature probably would choose to abandon the presumption rather than to extend it to all spouses. The financial burden on the system of extending the presumption of dependency to all widowers of working women might well exceed the costs of adjudicating dependency and the degree of dependency in each case.

It could be argued, however, that workers' compensation death benefits are designed to compensate all widows for the loss of their husbands, regardless of actual pecuniary loss. Thus the Legislature, forced to choose, would prefer to compensate all spouses through a conclusive presumption of dependency, rather than compensate only dependent widows. Workers' compensation death benefits might be seen as specific benefits because they are payable to all widows, regardless of wealth, and are paid in a lump sum, albeit weekly, over a period of time.[11]

We reject such an argument. The death benefits are paid to widows regardless of wealth only because of the conclusive presumption of dependence. Since no benefits are payable in respect to

[10] The Worker's Disability Compensation Act avoids the intricacies subsequently enacted into the no-fault automobile liability insurance act, which requires a determination of the amount actually contributed by the deceased spouse. See. MCL 500.3108; MSA 24.13108, *Miller v State Farm Ins Co*, 410 Mich 538; 302 NW2d 537 (1981).

[11] The statute provides for a weekly payment of two-thirds of the deceased worker's average weekly wages for 500 weeks from the date of his death. MCL 418.321; MSA 17.237(321).

the death of an unmarried person who leaves no dependents, the death benefit does not seem in this analysis to be a specific lump sum payment.

## B

We also find unpersuasive the argument that invalidation of the presumption would impose a substantial hardship on dependent widows, contrary to the act's remedial purpose.

All widows may still prove dependency in fact. If a widow is unemployed and dependent, ordinarily there will be little difficulty in proving dependency in fact. A wage-earning widow who is only partially dependent on her husband will be entitled to compensation to the extent of her actual dependency.[12]

## C

Day argues that the conclusive presumption of dependency of widows and widowers alike set forth in the no-fault automobile liability insurance act, enacted in 1972, indicates a current legislative preference for extending the presumption to both sexes for purposes of workers' compensation.

Although the no-fault act speaks in terms of conclusive dependency, it operates to compensate both spouses only for actual loss in death situations; the insurer is obligated to pay such

---

[12] A partially dependent widow with minor children may be burdened somewhat because the entire award will be for the use and benefit of the children, although it is still paid to the widow. See fn 5, *supra*. We do not think this burden on partially dependent widows who have children is so significant as to justify this Court in extending the conclusive presumption of dependency to all widowers.

amounts, within statutory limits, as the deceased would actually have contributed to the survivor's support.[13] The Worker's Disability Compensation Act, in contrast, provides for payment of compensation to the surviving wife and children of a covered worker without proof that the deceased worker actually contributed to their support. In short, the no-fault act's focus is on actual loss, while the workers' compensation act's focus is on dependency. The provision of the no-fault act permitting recovery by a husband who was actually provided for by a deceased wife does not therefore provide a basis for extending the workers' compensation act's conclusive presumption of dependency to both spouses.

## III

We decline to preserve the status quo until the Legislature addresses the question, as this Court did in *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978). In *Shavers,* the Court held the entire statutory scheme regulating no-fault insurance rates and the availability of no-fault insurance to be inadequate to the demands of due process, and suggested the need for a new regulatory system. In this case, however, the Court can remedy the constitutional defect with no damage to the overall statutory scheme. If the Legislature should wish to extend the presumption to all spouses, it can readily amend the statute. Since *Wengler* was decided in April 1980, the Legislature has twice extensively revised the Worker's Disability Compensation Act[14] and has had ample opportunity to address the question.

---

[13] MCL 500.3108; MSA 24.13108.

[14] 1980 PA 357; 1981 PA 192-203.

IV

In the instant case the plaintiff widower stipulated at the hearing that he was not in fact dependent on his deceased wife. No purpose would therefore be served by remanding to the Workers' Compensation Appeal Board for a determination of dependency.[15] Because we have concluded that this Court should not extend the conclusive presumption of dependency to widowers, we affirm the decision of the WCAB.

Affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with LEVIN, J.

---

[15] See *Thomas Canning Co v Johnson,* 212 Mich 243, 249; 180 NW 391 (1920); *Congresshills Apartments v Ypsilanti Twp,* 102 Mich App 668, 675; 302 NW2d 274 (1981).