BROWN v ELLER OUTDOOR ADVERTISING COMPANY

Docket No. 74632. Submitted May 16, 1984, at Detroit.—Decided
November 7, 1984. Leave to appeal applied for.

Walter E. Brown applied for and was awarded workers' compen-
sation benefits for injuries sustained while employed by Eller
Outdoor Advertising Company. He subsequently filed a petition
for adjustment of nursing care benefits so that his wife could be
compensated for the services which she rendered to him when
no nursing aides were present in their home. A hearing referee
ordered that previous voluntary payments made to Brown's
wife for her service be increased. Brown applied for a review of
that decision, alleging that his wife was entitled to a greater
increase in payment for her services. The Workers' Compensa-
tion Appeal Board affirmed the referee's decision. Brown
then sought leave to appeal to the Court of Appeals, which, in
lieu of granting leave, ordered the board's decision vacated and
remanded the case to the board for a calculation of the value of
Mrs. Brown's services based on considerations of the extent of
Brown's need for specialized care, the number of hours required
of Mrs. Brown to render the care, and the hourly wage to be
applied. The board issued a revised opinion awarding Mrs.
Brown payment for the time which she spent attending to her
husband as well as the time for which she was required to be
"on call" and granted 5% interest on the award. Eller and
Continental National American Insurance Group, its insurer,
sought leave to appeal that decision to the Court of Appeals.
Leave to appeal was granted and the Court reversed, holding
that the board failed to determine adequately the type of care
needed by Mr. Brown as directed by the order of remand, and
remanded the case for a determination of the type of care
needed, 111 Mich App 538 (1981). On remand, the WCAB
affirmed its earlier ruling that Mrs. Brown was entitled to
reimbursement at the applicable hourly rate for a nurse's aide
with time-and-a-half for all hours in excess of 40 per week but
denied interest on the compensation award for his wife's ser-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 553.
[2] 82 Am Jur 2d, Workmen's Compensation § 579.

vices because an amendment to the workers' compensation act which increased to 12% the interest to be paid on awards of weekly compensation benefits from the date each payment was due until it is paid precluded interest awards for medical expense reimbursements. Brown sought leave to appeal to the Court of Appeals. Leave was granted, and Eller and Continental cross-appealed. *Held:*

1. The WCAB did not err in finding that the services provided by Brown's wife were that of a nurse's aide rather than a live-in companion and by compensating his wife at the rate paid a nurse's aide rather than at rates charged by a nursing home.

2. The WCAB did not go beyond the scope of the Court of Appeals' earlier remand order in computing the interest due on the award for the services of Brown's wife.

3. The WCAB correctly found that Brown is not entitled to accrued interest on the benefits paid for his wife's services because the Legislature repealed the right to interest on medical reimbursement payments.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

The findings of fact of the Workers' Compensation Appeal Board are conclusive in the absence of fraud if there is any competent evidence in the record to support the findings (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — INTEREST ON AWARDS — MEDICAL EXPENSE REIMBURSEMENTS.

The granting of interest on awards of medical expense reimbursements by the Workers' Compensation Appeal Board has been precluded by the enactment of an amendment to the Worker's Disability Compensation Act which provides that interest at the rate of 12% is to be paid on awards of weekly compensation benefits from the date each payment is due until it is paid but makes no provision for interest on awards of other benefits; the enactment of that amendment abrogated the practice of awarding the statutory 5% rate of interest for contract debts on all other types of workers' compensation benefits, and the amendment is entitled to retroactive effect (MCL 418.801[5]; MSA 17.237[801][5]).

*Leonard S. Herman,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathon T. Kopit),* for defendants.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON, JR.,* JJ.

PER CURIAM. This is the third time this case has been presented to this Court. For more than ten years, the parties have contested the extent and amount of workers' compensation benefits now centering on interest to be awarded and nursing care benefits. The relevant facts are contained in our previous opinion *Brown v Eller Outdoor Advertising Co,* 111 Mich App 538; 314 NW2d 685 (1981). See also, *Dunaj v Harry Becker Co,* 52 Mich App 354; 217 NW2d 397 (1974), *lv den* 394 Mich 838 (1975).

In our 1981 decision, this Court agreed with the Workers' Compensation Appeal Board (WCAB) that plaintiff's condition required 24-hour care and that he was entitled to payment for the 17 of those 24 hours of service provided by his wife. However, the Court concluded:

> "[T]he appeal board opinion uses the phrases 'nursing care' and 'custodial attendance' interchangeably where they may or may not be interchangeable under the circumstances of this case. The fact that plaintiff needs 24-hour care does not automatically mean that only nursing aide services will do. Perhaps some 'other appropriate caretaker' could handle the care during some portion of the 24-hour period. The appeal board opinion does not address this question adequately." *Brown,* p 544.

Plaintiff appeals and defendants cross-appeal from the WCAB's findings on remand. In their cross-appeal, defendants claim that the WCAB erred by overlooking an "other appropriate caretaker" in finding that the services provided by plaintiff's wife were that of a nurse's aide rather

---

* Circuit judge, sitting on the Court of Appeals by assignment.

than a live-in companion and by compensating plaintiff's wife at the rate of a nurse's aide rather than at rates charged by a nursing home. We disagree.

On remand, the parties submitted additional testimony. Defendants offered the testimony of Marlene Brinker, district manager for Kelly Health Care, and plaintiff offered the testimony of Jane August, agency administrator for Professional Medical Services. The two witnesses testified at length concerning the various types of in-home care available, the duties performed by them, and customary billing and payment practices. The witnesses further offered their opinions as to the type of care which would be appropriate for plaintiff and evaluated the kind of services being performed by plaintiff's wife.

Based upon the supplementary evidentiary record, the WCAB affirmed its prior ruling, i.e., plaintiff's wife was entitled to reimbursement at the applicable hourly rate for a nurse's aid with time-and-a-half for all hours in excess of 40 per week.

In the absence of fraud, findings of fact by the WCAB are conclusive if supported by competent evidence in the record. Const 1963, art 6, § 28. MCL 418.861; MSA 17.237(861). *Carter v Lakey Foundry Corp,* 118 Mich App 325, 331; 324 NW2d 622 (1982). In its opinion on remand, the WCAB carefully reviews the supplementary record and details the evidence upon which it bases its factual findings. There is ample evidence in the record to support the WCAB's findings.

Prior to the remand which is the subject of the instant appeal, the WCAB had awarded plaintiff 5% interest on the compensation he was owed for his wife's services. While this case was on its second remand to the WCAB, MCL 418.801(5);

MSA 17.237(801)(5) became effective. Section 801(5) provides:

"(5) When weekly compensation is paid pursuant to an award of a hearing referee, the board, or a court, interest on the compensation shall be paid at the rate of 12% per annum from the date each payment was due, until paid."

The Supreme Court has upheld retroactive application of this statutory increase in the interest rate. *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984), *on resubmission* 419 Mich 32; 348 NW2d 652 (1984). In a 2-1 decision, the WCAB determined that interest awards for medical expense reimbursements were precluded by § 801(5) and, accordingly, denied plaintiff interest on the compensation award for his wife's services.

Plaintiff raises a number of challenges to the WCAB's "revocation" of the 5% interest award. Plaintiff first contends that the WCAB went beyond the scope of this Court's remand order. We disagree. In this Court's last opinion, we remanded this case to the WCAB "for further proceedings not inconsistent with this opinion". *Brown v Eller Advertising Co, supra,* p 544. The computation of interest due on the award for the services of plaintiff's wife was not inconsistent with any of our prior rulings in this action.

The right to interest on a workers' compensation award was affirmatively established by the Michigan Supreme Court in *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960). That case also involved a claim for death benefits and expenses of the employee's last illness and burial. Acknowledging that the allowance and rate of interest is purely a statutory matter, the Court found that, nonetheless, interest

could be allowed in cases where no express statute could be invoked. In workers' compensation cases, the right to interest arose out of the contractual relationship between employers and employees. Thus, interest on all benefits and expenses sought was obtainable at the statutory rate of interest for contract debts, 5%. *Wilson,* pp 518-519.

Relying on *Wilson, supra,* our Supreme Court affirmed the applicability of the statutory contract rate to workers' compensation awards in *Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975). Holding that the WCAB had no authority to increase the rate of interest on awards from 5% to 6% (6% being the money judgment rate), the Court stated:

"Until the legal interest rate is changed (MCLA 438.31) or the Legislature provides what they have heretofore failed to provide, the interest on workmen's compensation award must remain at 5%." *Solakis,* p 22.

The parties agree that in § 801(5) the Legislature has provided "what they have heretofore failed to provide", *i.e.,* established a legal interest rate on weekly compensation benefits of 12%. The disagreement arises over whether, by enacting § 801(5), the Legislature merely brought the interest rate on accrued weekly payments up to current standards or, additionally, abrogated the right to 5% interest on all other types of workers' compensation benefits, including medical benefits.

The parties cite various maxims of statutory construction to this Court. Such established principles are only tools to aid us in our primary task, *i.e.,* to discern the intent of the Legislature. *Moore v Dep't of Military Affairs,* 398 Mich 324; 247 NW2d 801 (1976). This Court's obligation to construe a statute arises when the statute is ambiguous. *City of Lansing v Twp of Lansing,* 356 Mich

641, 648; 97 NW2d 804 (1959). We believe, in terms of the instant issue, the statute is ambiguous. The Supreme Court's finding that MCL 418.801; MSA 17.237(801) is plain, certain, and unambiguous was made in reference to the question of when the Legislature intended the increase in interest to take effect, *Selk, supra,* p 8; that finding does not imply that the statute is equally unambiguous for every other question of construction that may arise. Mindful of the purpose of construction, we turn to the positions urged by the parties.

In the opinion of the dissenting member of the WCAB panel, the position urged by plaintiff, the Legislature, by enacting § 801(5), increased the interest rate on weekly compensation payments to 12%, but left intact the 5% interest rate heretofore charged on other types of workers' compensation benefits. The dissent noted that our courts disfavor repeal by implication, *Yarger v City of Hastings,* 375 Mich 413, 417; 134 NW2d 726 (1965), and that enactment of an amendment of special intent or application is to be construed as an exception to a previously existing statutory right dealing with the same subject matter, *Dossin's Food Products, Inc v State Tax Comm,* 360 Mich 312, 315; 103 NW2d 474 (1960). Certainly, the construction urged by plaintiff is neither unreasonable nor meritless. Nonetheless, we are persuaded that plaintiff is not entitled to accrued interest on the benefits paid for his wife's services.

The WCAB has recently applied the language of § 801(5) to deny the payment of interest on medical reimbursements. *Riley v General Motors Corp,* 1983 WCABO 809 (Opinion No 132); *Collier v J A Fredman, Inc,* 1983 WCABO 790 (Opinion No 131); *Kubiak v General Motors Corp,* 1983 WCABO 735 (Opinion No 127). Relying on the maxim, *expressio unius est exclusio alterius* (the express mention of

one thing in a statute implies the exclusion of other things), *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), the WCAB has reasoned that the express mention of weekly compensation payments implies the exclusion of other types of benefits. Further evidence of the purposefulness of the exclusion can be found in § 801(2),[1] where the Legislature specifically enumerated the type of benefits (including medical bills) to which a penalty would attach for unjustifiably late payments. We can reasonably assume that the Legislature, in drafting § 801(5), was cognizant of what it had done three subsections above in the penalty provision in § 801(2).

We do not, however, wholly rest our conclusion on the language and structure of § 801. As discussed earlier, the theoretical basis for interest awards in workers' compensation cases was the contractual relationship between employers and employees. Because the compensation act becomes a part of every contract of employment, *Wilson, supra,* p 518, quoting *Bordeaux v Gilbert Motor Co,* 220 Minn 538, 541; 20 NW2d 393 (1945), our courts were able to award interest even though no statute expressly provided for it.

When *Wilson* was decided, the applicable medical reimbursement provision stated that an employee was to be reimbursed "for the reasonable expense incurred by or on his behalf". MCL 412.4; MSA 17.154. In 1963, however, the statute was amended to make medical reimbursement payable to the employee or whoever incurred the expense on behalf of the employee. MCL 412.4; MSA 17.154, as amended by 1963 PA 199, § 1. Although the contractual theory would still justify interest on medical payments where the employee makes

---

[1] MCL 418.801(2); MSA 17.237(801)(2).

the medical payment, the theory cannot justify imposition of interest where the employer directly reimburses a third-party provider since no contract of employment exists between the employer and third-party provider.

Finally, we note that at the same time the Legislature enacted § 801(5) it significantly amended the statutory provision dealing with medical reimbursements. MCL 418.315; MSA 17.237(315), as amended by 1981 PA 195, § 1. This section gives the Bureau of Workers' Disability Compensation considerable authority over the regulation and investigation of fees and charges for medical treatment provided to an injured employee under the act. The Legislature was obviously aware of the medical reimbursement issue and sought to create a separate procedure for dealing with the problems and peculiarities of this issue.

Since interest rates relate to a remedy, the amendment repealing the right to interest on certain types of compensation benefits may be applied retroactively. *Selk, supra,* p 10. Retroactive application does not impair any contract right possessed by plaintiff to accrued interest during the course of this litigation. The effect on the employer's vested contract rights of retroactive application of the increased interest rate on weekly benefits was discussed by the Supreme Court in *Selk, supra,* pp 11-12:

"We are persuaded nonetheless that in the instant case interest may be awarded from the date payment was due without running afoul of the constitutional provision against impairment of contract. US Const, art I, § 10; Const 1963, art 1, § 10.

"While this Court has characterized workers' compensation as a liability arising out of the contract of employment, we have nonetheless consistently empha-

sized that workers' compensation is a matter of statutory grace. *Rookledge v Garwood, supra,* p 453; *Wilson v Doehler-Jarvis, supra; Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975).

"In *Lahti v Fosterling,* 357 Mich 578, 584; 99 NW2d 490 (1959), the Court held that an amendment to the workers' compensation act which eliminated a limitation on medical benefits had retroactive effect. The Court considered the theory, also advanced by defendants here, that 'since the workmen's compensation act is statutory, and since the employment is based upon a contract, for the legislature to change the remedies would be a violation of the rights of the parties and the contract'.

"In rejecting this conclusion the Court quoted with approval the following language:

" ' "It is true that this Court has held, we believe correctly, that the basis of liability of employers under the Workmen's Compensation Statutes, is contractual. But we cannot say that such contractual relationship or liability necessarily precludes a subsequent Legislature from effecting changes in the Workmen's Compensation laws. Those who enter into such contractual relationships do so with knowledge of the right and power of the Legislature to enact any new law relating to the subject matter, not in conflict with any constitutional provision, and must be presumed to have agreed to any such change." ' *Lahti, supra,* pp 594-595, quoting *Peak v State Compensation Comm'r,* 141 W Va 453, 459; 91 SE2d 625 (1956).

\* \* \*

"We conclude that the interest rate on a compensation award relates to an additional remedy, and that retroactive application of the statute does not alter the substance of the relationship. See *Guardian Depositors Corp v Brown,* 290 Mich 433; 287 NW2d 798 (1939)."

We think this analysis applies with equal force where the Legislature has repealed the right to interest on medical reimbursement payments.

Affirmed. No costs awarded, neither side having prevailed in full.