## COSTA v CHRYSLER CORPORATION

Docket No. 82868. Submitted December 3, 1985, at Detroit. Decided March 6, 1986.

After experiencing heart problems, plaintiff, Sam S. Costa, sought and was awarded workers' compensation benefits for total and permanent disability. Plaintiff's employer, defendant, Chrysler Corporation, appealed by leave granted from the Workers' Compensation Appeal Board affirmance of the hearing referee's decision. *Held:*

1. Plaintiff's testimony that, on the day he was hospitalized, he had to work harder than usual as a result of carrying several boxes each weighing up to forty pounds because defendant's stockmen showed up late for work and the WCAB's summary of the deposition testimony of three medical experts, who gave varying opinions regarding plaintiff's heart problems, did not sufficiently support the board's finding that plaintiff's heart problems were work-related. Therefore, the Court of Appeals vacated the board's award to plaintiff and remanded the case, ordering the board to make a proper determination of whether plaintiff can establish by a preponderance of the evidence a causal link between the heart attack he suffered three days after he was hospitalized and his employment by defendant.

2. If, on remand, the board concludes that plaintiff's heart attack was caused by his employment, the board may not conclusively presume that plaintiff's wife was dependent upon plaintiff for financial support. However, plaintiff may establish dependency in fact.

3. Plaintiff would be entitled to ten percent interest on any

REFERENCES

Am Jur 2d, Administrative Law § 683.

Am Jur 2d, Constitutional Law §§ 746, 769, 771.

Am Jur 2d, Interest and Usury § 60.

Am Jur 2d, Workmen's Compensation §§ 300, 302, 303, 514, 515, 519-521, 534, 552, 579, 630, 631, 658.

See the annotations in the ALR3d/4th Quick Index under Heart and Heart Disease; Workers' Compensation.

award paid on or after June 30, 1985, from the date each payment was due.

4. Plaintiff would not be entitled to five percent interest on any reimbursement of medical expenses.

The wcab's decision is vacated and the case remanded for further proceedings.

1. Workers' Compensation — Work-Related Injuries — Heart Attack.

A worker who files a claim for workers' compensation as a result of a heart attack must establish by a preponderance of the evidence both that there is heart damage and a link between the heart damage and his employment; such damage must be related to specific incidents or events at work.

2. Workers' Compensation — Work-Related Injuries — Heart Attack.

A workers' compensation hearing referee and the Workers' Compensation Appeal Board when deciding whether a worker's heart damage is work-related must identify and evaluate the discrete factors of employment which are connected to the damage.

3. Workers' Compensation — Appeal — Findings of Fact.

The Court of Appeals may set aside a finding by the Workers' Compensation Appeal Board of a causal connection between a worker's injury and employment only when it is convinced that there is no evidence to support such finding.

4. Workers' Compensation — Dependency — Presumptions — Equal Protection.

The conclusive presumption of the Workers' Disability Compensation Act that the wife of an injured worker living with him at the time of his injury was dependent upon the worker for financial support constitutes a gender-based classification, which is violative of the Equal Protection Clause (MCL 418.353[1][a][i]; MSA 17.237[353][1][a][i]).

5. Workers' Compensation — Interest on Awards.

An employer who pays workers' compensation benefits on or after June 30, 1985, pursuant to an award, must pay interest on the award at ten percent from the date each payment was due (MCL 418.801[6]; MSA 17.237[801][6]).

*Stalburg, Fischer & Weberman, P.C. (by Michael J. DePolo), for plaintiff.*

*Lacey & Jones* (by *Stephen Jay Schwartz*), for defendant.

Before: MacKenzie, P.J., and D. F. Walsh and Shepherd, JJ.

Per Curiam. Defendant employer appeals by leave granted from a decision of the Workers' Compensation Appeal Board which affirmed the decision of the referee awarding plaintiff total and permanent disability benefits.

Defendant first argues that the WCAB misapplied the standard set forth in *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982), by failing to find a connection between plaintiff's heart damage and specific events at work. Under *Miklik,* a claimant must establish by a preponderance of the evidence both that there is heart damage and a link between the heart damage and employment. *Miklik, supra,* p 367. The damage must be related to *specific* incidents or events at work. 415 Mich 370. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. *Id.* One such factor is temporal proximity of the cardiac episodes to the work experience. *Id.* This Court may set aside the WCAB's finding of a causal connection between the injury and employment only when convinced that there is no evidence to support that judgment. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135-136; 274 NW2d 411 (1979). Conclusory findings are inadequate. *Id.*

The two-man majority of the WCAB found that on May 3, 1977, plaintiff had to work harder than usual because the stockmen came to work late. The opinion quotes plaintiff as saying that he had to carry many boxes weighing forty pounds for a distance of forty feet for about six hours. In fact,

as plaintiff concedes on appeal, plaintiff never said this. He testified, instead, that for the first half hour at work on May 3, he carried eight or nine boxes, each weighing between twenty and forty pounds. Plaintiff testified that he then commenced his regular job of repairing regulators. After three hours of this work, he began experiencing chest pains. Plaintiff testified that by lunch time the pains worsened, and he was taken to the hospital that afternoon.

The WCAB majority summarized the deposition testimony of three medical experts. Dr. Warbasse, staff physician at Ford Hospital during plaintiff's hospitalization, noted that plaintiff's chest pains recurred the morning of May 7, after having been arrested between May 4 and May 6. Dr. Warbasse described this as "an evolution of a heart attack," culminating in a rather extensive myocardial infarction on the seventh. Dr. Kastan opined that there probably was heart damage on May 3. Dr. Clyde Wu diagnosed coronary artery disease and angina pectoris, but did not find these conditions to be causally related to plaintiff's employment. As the majority opinion notes, there is no disagreement as to plaintiff's heart damage; the dispute revolves around work-relatedness. The only testimony on this issue in the WCAB's majority opinion is from Dr. Wu, who found no causal relationship. The WCAB then states:

Plaintiff never had any heart problems prior to his hospitalization with angina pectoris on May 3, 1977, when he was subjected to unusual strenuous and repetitive work assignments. After a few days of intensive care, his heart condition deteriorated culminating in a myocardial infarction. He had some risk factors with regard to arteriosclerotic heart disease, such as smoking, heredity, hypertension, and diabetes, which pre-disposed him to car-

dial vulnerability when exposed to occupational stresses.

The majority concluded plaintiff had sustained his burden of proof under *Miklik.*

We cannot agree. The majority opinion contains no findings on the crucial link between plaintiff's work duties on the morning of May 3 and his heart attack on May 7. Even if, as the opinion suggests, plaintiff was subjected to unusual strenuous and repetitive work assignments causing angina pectoris on May 3, there is no evidence to support the statement that "his heart condition deteriorated culminating in a myocardial infarction." To the contrary, as the dissenting WCAB member noted, Dr. Warbasse opined that plaintiff's angina on May 3 had cleared by May 7: "The myocardial infarction undoubtedly reflects the underlying coronary atherosclerosis and occurred for whatever reason myocardial infarctions occur after five days of bed rest."

Some statements made by Dr. Kaftan, while disputed by the other two experts, might have supported the board's position. However, the board did not mention these statements in its opinion. Because of the majority's conclusory findings, we cannot "know the path it has taken through the conflicting evidence, the testimony it has adopted, the standards followed, and the reasoning used to reach its conclusion." *Kostamo, supra,* p 136; *Moreno v Campbell, Wyant & Cannon Foundry,* 142 Mich App 648; 369 NW2d 867 (1985). We must, therefore, vacate the WCAB's opinion and remand the case to the board.

Defendant has pointed out two other issues which we agree merit reconsideration by the board. MCL 418.353(1)(a)(i); MSA 17.237(353)(1)(a)(i) provides that the wife of an

injured employee living with him at the time of his injury is conclusively presumed to be dependent upon him. The referee in this case accordingly increased plaintiff's benefits assuming his wife was a dependent. While the referee's decision was pending before the WCAB, the Supreme Court ruled in *Day v W A Foote Memorial Hospital,* 412 Mich 698; 316 NW2d 712 (1982), that the conclusive presumption of dependency of a widow in the Workers' Disability Compensation Act, MCL 418.331(1)(a); MSA 17.237(331)(1)(a), was unconstitutional. The wording of § 331(1)(a) which applies to the wife of a "deceased employee," is virtually identical to the wording of § 353(1)(a)(i) which applies to the wife of an "injured employee." The Supreme Court's ruling that the former constitutes unconstitutional gender-based discrimination applies equally to the latter.

In this case, defendant asked the WCAB to reconsider the conclusive presumption of dependency in light of *Day.* The board ignored the request. This Court has ruled that *Day* applies to cases which were pending before the WCAB at the time of the decision. *Lambard v Saga Food Service, Inc,* 127 Mich App 262, 275; 338 NW2d 207 (1983), lv den 419 Mich 958 (1984). Therefore, if, on remand, the board establishes the link between plaintiff's work and his heart attack, the board may not conclusively presume that plaintiff's wife is his dependent, but plaintiff is free to prove dependency in fact. *Day, supra,* p 708.

Defendant also objects to the award of twelve percent interest on past due benefits. When the WCAB issued its decision in this case on December 28, 1984, MCL 418.801(6); MSA 17.237(801)(6) provided for twelve percent interest on compensation payments until paid. On July 30, 1985, the Legislature changed this to ten percent, effective immedi-

ately. 1985 PA 103. When the interest rate in this section was changed in 1981 from five percent to twelve percent, the Supreme Court ruled that an employer who paid compensation on or after its effective date of January 1, 1982, was required to pay twelve percent interest from the date each payment was due. *Selk v Detroit Plastic Products (On Resubmission)*, 419 Mich 32, 35; 348 NW2d 652 (1984). Because 1985 PA 103 does not alter the statute except as to the rate of interest, we find the rule in *Selk* applicable here. Therefore, an employer who pays compensation on or after June 30, 1985, pursuant to an award, is required to pay interest on the award at ten percent from the date each payment was due.

Defendant challenges the WCAB's award of five percent interest on reimbursable medical expenses citing *Brown v Eller Outdoor Advertising Co*, 139 Mich App 7; 360 NW2d 322 (1984). We find *Brown* to be controlling here. Should the board determine that plaintiff is entitled to workers' compensation, plaintiff is not entitled to interest on reimbursement of medical expenses.

We find the other issues raised by defendant on appeal to be without merit.

Remanded for further proceedings consistent with this opinion. We order that on remand this matter be given expedient attention. We reserve jurisdiction solely on the issue of expeditious disposition. Either party may bring this aspect of our opinion to the Court's attention by motion.