# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2007

133730

RONALD FLEISCHFRESSER (Deceased), by
JOYCE WILKINS FLEISCHFRESSER
(Surviving Spouse),
　　　　　　Plaintiff-Appellant,

v

PETERSON TOWING, INC., HIGHLAND
INSURANCE GROUP, and NORTHWESTERN
NATIONAL CASUALTY COMPANY,
　　　　　　Defendants-Appellees.

SC: 133730
COA: 274353
WCAC: 05-000145

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the March 16, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

I reluctantly concur in the Court's decision. I concur because it is in accord with this Court's decision in *Day v W A Foote Mem Hosp*, 412 Mich 698 (1982), and that decision has not been challenged. I concur reluctantly because the result of *Day* is that the case-law in our state now bears no relationship to the statutory law. Whereas the Legislature in enacting MCL 418.331 specified that a person in claimant's position (a deserted wife) should, for purposes of workers' compensation survivor benefits be "conclusively presumed to be wholly dependent for support upon a deceased employee," *Day* has nullified this presumption and substituted a case-by-case factual determination. Claimant likely would have been entitled to survivor benefits under the statute enacted by the Legislature, but not under the present judicially-rewritten statute. While I agree with *Day* that the United States Supreme Court's decision in *Wengler v Druggists Mut Ins Co*, 446 US 142 (1980), is controlling and requires that MCL 418.331 be held violative of the Equal Protection Clause, I do not believe that this Court had, as it asserted in *Day*, a *choice* to determine "the appropriate remedy for this unconstitutional gender-based presumption: invalidation, extension to widowers, or preservation of the statute for a

2

short period of time to enable the Legislature to forge its own solution." *Day*, *supra* at 703. Rather, this Court had only one proper option in light of *Wengler* and that was to strike down MCL 418.331 as unconstitutional and leave it to the Legislature to enact a different and constitutionally-valid provision if it chose to do so. See *North Ottawa Hosp v Kieft*, 457 Mich 394, 408 n 14 (1998) (rejecting the approach of *Day* and instead "await[ing] the judgment of the Legislature regarding which is the better policy for the state to adopt" in the wake of an equal protection violation). This Court does not have the authority to rewrite a statute, even if it does so wisely.

CAVANAGH, WEAVER, and KELLY, JJ., would remand this case to the Court of Appeals as on leave granted.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2007

Clerk

t1023